1

2

3

4

5

6
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7    ALYSSA SUZETTE ANNETTE
     FIELDS,

8                                          No.  2:15-CV-00085-RHW
          Plaintiff,

9
          v.
                                           **ORDER GRANTING**
10                                         **DEFENDANT'S MOTION FOR**
                                           **SUMMARY JUDGMENT**
11   CAROLYN W. COLVIN,
     Acting Commissioner of Social
     Security,

12
          Defendant.

13

14        Before the Court are the parties' cross-motions for summary judgment, ECF

15   Nos. 15 & 19. Ms. Fields brings this action seeking judicial review, pursuant to 42

16   U.S.C. § 405(g), of the Commissioner's final decision, which denied her

17   application for Supplemental Security Income under Title XVI of the Social

18   Security Act, 42 U.S.C §§ 1381-1383f.  After reviewing the administrative record

19   and briefs filed by the parties, the Court is now fully informed. For the reasons set

20   forth below, the Court GRANTS Defendant's Motion for Summary Judgment and

     DENIES Ms. Field's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

## I.    Jurisdiction

Ms. Fields received Supplemental Security Income benefits as a minor. AR 114. As of November 10, 2011, she was found to be no longer disabled, and her benefits ended January 2012. *Id*. Ms. Fields filed a request for reconsideration on December 16, 2011, which was denied on June 27, 2012. AR 117, 144-46. She then requested a hearing on July 6, 2012. AR 150-51.

A hearing with Administrative Law Judge ("ALJ") James W. Sherry occurred on November 7, 2013. AR 56-101. ALJ Sherry issued a finding of not disabled on December 2, 2013. AR 20-36. The Appeals Council denied Ms. Fields's request for review on February 9, 2015, AR 1-6, making the ALJ's ruling the "final decision" of the Commissioner.

Ms. Fields timely filed the present action challenging the denial of benefits, on April 1, 2015. ECF No. 3. Accordingly, her claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 &

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

416.908-09.  If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends.  *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this burden, the Commissioner must establish that (1) the claimant is capable of

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed

by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

Commissioner's decision will be disturbed "only if it is not supported by

substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144,

1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

a mere scintilla but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

whether the Commissioner's findings are supported by substantial evidence, "a

reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

*Sec. Admin*., 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

1992).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").  Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Ms. Fields was twenty years old at the time of her hearing. AR 25. She has at least a high school education. AR 31. Ms. Fields has multiple mental impairments and a history of using drugs and alcohol. AR 25, 68.

## V.    The ALJ's Findings

The ALJ determined that Ms. Fields's disability ended on January 31, 2012, and she has not become disabled again since that date. AR 23.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

1    At **step one**, the ALJ determined Ms. Fields was eligible for benefits as a

2    child for the month preceding the month in which she reached age 18 (July 25,

3    2011), but she was no longer disabled as of January 31, 2012, based on a

4    redetermination of disability under the rules for adults filing as new applicants. AR

5    25.

6    At **step two**, the ALJ found Ms. Fields had the following severe impairments:

7    mood disorder, not otherwise specified ("NOS"); anxiety disorder, NOS;

8    personality disorder, NOS; oppositional defiant disorder, by history as a child; and

9    polysubstance abuse (citing 20 C.F.R. §416.920(c)). AR 25-26.

10    At **step three**, the ALJ found that Ms. Fields did not have an impairment or

11    combination of impairments that meets or medically equals the severity of one of

12    the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 26-27.

13    At **step four**, the ALJ found Ms. Fields had the residual functional capacity

14    to perform a full range of work at all exertional levels but with the following non-

15    exterional limitations: simple, routine, repetitive tasks with normal supervision to

16    provide prompts and redirection; superficial contact with co-workers and the

17    general public; only occasional and simple changes in work setting; no fast-paced

18    work or high pressured time demands; and required guidance with important

19    irrevocable or complex planning or decisions. AR 27-30.

20

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7**

1    Ms. Fields has no past relevant work; thus, transferability of job skills is not

2    an issue. AR 30-31.

3    At **step five**, the ALJ found that after considering Ms. Fields's age,

4    education, work experience, and residual functional capacity, pursuant to the

5    vocational expert's testimony that is consistent with the information contained in

6    the Dictionary of Occupational Titles, there are other jobs that exist in significant

7    numbers in the national economy that Ms. Fields can perform: production

8    inspector/check and checker I; janitor and cleaner/industrial cleaner; and hand

9    packer and packager/inspector packer. AR 31-32.

10                              **VI.    Issues for Review**

11    Ms. Fields argues that the Commissioner's decision is not free of legal error

12    and not supported by substantial evidence because the record as a whole does not

13    support the Commissioner's decision that Ms. Fields is not disabled.  Specifically,

14    Ms. Fields alleges: (1) the ALJ improperly discredited her symptom claims; (2) the

15    ALJ failed to properly consider and weigh opinion evidence; and (3) the ALJ's

16    residual functional capacity determination does not include all of Ms. Fields's

17    limitations. ECF No. 15 at 12.

18    //

19    //

20    //

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

**VII.   Discussion**

**A. The ALJ did not err in determining Ms. Fields's credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible.  *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008).  First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged.  *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so."  *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). "General findings

1    are insufficient: rather the ALJ must identify what testimony is not credible and

2    what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d

3    821, 834 (9th Cir. 1996) (as amended).

4          In this case, the record demonstrates affirmative evidence of malingering.

5    Dr. Joyce Everhart, PhD, examined Ms. Fields in October 2011. She stated in her

6    report that "[t]here is some clear indication of malingering." AR 294. In each of

7    the tests performed, Dr. Everhart noted malingering and/or lack of credible effort.

8    AR 294-97. The Court disagrees with Ms. Fields's assertion that these results are

9    unreliable because Dr. Everhart did not review the entire medical record, *See* ECF

10   No. 15 at 14, because these results were the product of objective testing.

11   Additionally, Ms. Fields herself has stated that she attended treatment so that she

12   could continue receiving Social Security benefits and to avoid further legal trouble,

13   as she was on probation. AR 325, 237.

14         Malingering alone can satisfy an ALJ's adverse credibility determination,

15   *Tommasetti,* 533 F.3d at 1039, but in this case the ALJ provided additional clear

16   and convincing reasons for his adverse credibility finding. Each of these reasons

17   were strongly supported by evidence in the record, to which the ALJ pointed. AR

18   28-29.

19         First, Ms. Fields has not demonstrated an adherence to mental health

20   treatment. The ALJ noted that Ms. Fields claimed to want treatment for her mental

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

impairments, but she consistently missed appointments. AR 28, 330-41. She was at one point even placed on an attendance contract. AR 341. She was discharged from treatment with both Lutheran Community Service and Spokane Mental Health for lack of attendance. AR 72. This was in light of documented progress in her mental impairments when she was properly medicated. *Id.*

A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The record does not show adequate explanations for so many missed appointments, but rather excuses such as winter road conditions, typical for the area, or that Ms. Fields felt she "shouldn't be missing school." AR 332-34. At her hearing, she testified that her medications made her so groggy that she could not be "ready to start [her] day" until 1:00 or 2:00 pm, and thus she was unable to attend morning appointments. AR 62. The record does not corroborate this level of fatigue from her medication, and Dr. Marian Martin, PhD, the medical expert who testified at Ms. Fields's hearing indicated that the record is inconsistent with regard to Ms. Fields's sleep patterns. AR 72-73.

1    The ALJ drew the conclusion from Ms. Fields's behavior that if her "mental

2    condition was not severe enough to motivate her to show up for her treatment, it is

3    difficult to accept her assertion that it is disabling." AR 28. Ms. Fields's behavior

4    is indicative of "[u]nexplained, or inadequately explained, failure to seek

5    treatment", which an ALJ may include in an adverse credibility finding. *See Fair*,

6    885 F.2d at 603.

7        Additionally, the ALJ also noted that Ms. Fields lied about her use of drugs

8    and alcohol, and this was a factor in the credibility determination. AR 29. Ms.

9    Fields testified in November 2013 that she had not used drugs or alcohol since

10   2009, AR 68, but she tested positive for marijuana in 2011. AR 283, 366. The ALJ

11   opined that her lack of truthfulness with regard to her drug use undermined her

12   credibility, and that is a reasonable inference to draw in light of the objective drug

13   testing.[1]

14       The affirmative evidence of malingering alone was sufficient to sustain an

15   adverse credibility finding, but ALJ Sherry provided additional reasons that are

16   legally sufficient. Thus, the Court finds no error with the ALJ's conclusions

17   regarding Ms. Fields's credibility.

18   //

19

20   ---

[1] The Court sympathizes with Ms. Fields's argument that she was trying to avoid self-incrimination, but her lack of truthfulness still bears on her credibility.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

**B. The ALJ properly considered and weighed the opinion evidence.**

The ALJ is the "final arbiter" with regard to medical evidence ambiguities, including differing physicians' opinions. *Tommasetti,* 533 F.3d at 1041. The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to opinions: (1) treating providers; (2) examining providers; and (3) non-examining providers. *Lester,* 81 F.3d at 830.

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ specifically considered the opinions of three physicians in his decision.[2] He afforded "great weight" to the examination and assessment performed by Dr. Everhart. AR 29. He afforded "significant weight" to Dr. Martin's testimony. *Id.* Finally, he gave "some weight" to the opinion of Disability Determination Services psychologist Dr. Kristine Harrison, PhD. AR 30.

---

[2] The ALJ also considered the lay witness opinion of Ms. Fields's mother, but Ms. Fields does not challenge the weight given to this opinion.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

It was not improper to afford great weight to Dr. Everhart's opinion because she was an examining physician. Additionally, the ALJ cited her familiarity with Social Security Administration programs, her contemporary examination of Ms. Fields, and the consistency of her opinion with the overall medical evidence. AR 29. Although she did not review the records, she performed a consultative examination that included multiple objective tests. AR 292-97.

While Dr. Martin was not a treating or examining physician (AR 65), the ALJ cited to numerous reasons for the weight afforded to this doctor. AR 29-30. These include her familiar with Social Security Administration regulations and the consistency of her testimony with the longitudinal medical history (though she did testify that she had not reviewed the records from Ms. Fields's child claim, AR 83-85), the objective medical findings, and the other opinions in the record. AR 29. Ms. Fields asserts that the ALJ based his decision on Dr. Martin's assertion that Ms. Fields does not have a personality disorder. ECF No. 15 at 16. This assertion is incorrect because the ALJ's finding at step two that Ms. Fields suffers from personality disorder, NOS, as a severe impairment. AR 25-26.

Finally, despite stating that he gave less weight to Dr. Harrison's opinion, it is clear from Ms. Fields's calculated residual functional capacity that Dr. Harrison's report significantly factored into the analysis. For instance, much of the residual functional capacity language is taken directly from the functional capacity

assessment drafted by Dr. Harrison. AR 537. The ALJ specifically referenced the findings of Dr. Harrison that factored into his analysis. AR 30. Markedly, the language in the residual functional capacity is at times identical to Dr. Harrison's opinion. AR 30, 537. Ms. Fields's assertion that if Dr. Harrison's opinion had been weighed differently, Ms. Fields's residual functional capacity would have been assessed differently is entirely unsupported because it is clear from the language of the residual functional capacity that Dr. Harrison's functional capacity assessment provided a foundation.

The Court finds no error with the ALJ's weight of medical opinion evidence.

**C. The ALJ properly determined Ms. Fields's residual functional capacity.**

Ms. Fields next asserts that the ALJ did not account for some limitations referenced by Dr. Martin in her testimony. ECF No. 15 at 18-19. Specifically, Ms. Fields alleges that the ALJ did not account for her attention and motivation problems. *Id.* In turn, Ms. Fields argues that the hypothetical posed to the vocational expert was incomplete. *Id.* at 19. The Court disagrees.

Dr. Martin did not provide a specific functional capacity assessment in her testimony.  In her functional capacity assessment, Dr. Harrison stated that Ms. Fields's "attention limitations and amotivations will disrupt complex tasks; she is able to complete simple, repetitive tasks with normal supervision to provide prompts or redirection." AR 537. Dr. Martin's testimony does not conflict this and

in fact agrees. AR 79-80. Additionally, Dr. Martin suggests that important factors with regard to Ms. Fields's motivational issues are learned behavior and a lack of accountability for her actions. AR 79-82.

The record shows the ALJ did account for these limitations in Ms. Fields's residual functional capacity, so the Court finds no error. In turn, the ALJ need not specifically include these limitations in the hypothetical if they are adequately accounted for in her residual functional capacity. *See Stubbs-Danielson*, 539 F.3d 1169, 1173-76 (9th Cir. 2008).

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED.**

    2.  Defendant's Motion for Summary Judgment, **ECF No. 19,** is **GRANTED.**

///

///

///

///

///

3. **Judgment shall be entered for Defendant** and the file shall be

**CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

Order, forward copies to counsel and **close the file**.

**DATED** this 18th day of April 2016.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17**